THE STATE ex rel. GIESELMANN v. HAWES et al., Appellants.

**In Banc, November 3, 1903.**

Police Officer: REMOVAL: SALARY: ESTOPPEL. A patrolman, whose term is by the police act of St. Louis fixed at four years, can not be removed except upon cause, notice and hearing, and if otherwise removed he can by mandamus compel the police board to issue him a warrant for his salary for the part of the term he was not permitted to serve; and he is not estopped to maintain such a suit by the fact that he contributed money to another case brought to test the constitutionality of a law giving a pension to retired policemen.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

AFFIRMED.

*G. B. Webster* for respondent.

(1) This case is entirely like Chapman's case, 153 Mo. 194. There is absolutely no difference between the two cases, except that Chapman sued before his term expired, while this relator sued after expiration but yet within the statutory period, and that has already been shown to be a distinction without a difference. The Chapman case was well considered and properly decided, and it is decisive of this case. (2) Several of the arguments now urged by appellants are new features in the case. None of these eleventh-hour ideas were even suggested below. Among them are the contentions that the writ compels the board to do an illegal act, that the writ orders a warrant for too great a sum, and that no demand was made before suit. Nowhere in the record is there the slightest hint of any

of them; they were not urged by objection nor assigned in the motion for a new trial. The defense in the court below was rested upon a theory which did not include any of them, as appears from the objection to the introduction of any evidence set out in appellants' abstract of the record. The assignments of error in the motion for a new trial are all of a general nature, such as "the finding and judgment should have been in favor of the defendants and against the plaintiff," and "the granting of the peremptory writ is contrary to law." Such assignments mean nothing, and are of no purpose whatever, in that they are mere conclusions and fail to specify the reasons upon which they rest. Our appellate courts have been so holding for thirty years. "It will not do for a party to content himself with a general objection in the court below, and then make special, pointed objection for the first time in this court." Buckley v. Knapp, 48 Mo. 164; Taylor v. Russell, 8 Mo. 701; St. Louis v. Sieferer, 111 Mo. 662. The motion for a new trial set out several grounds or reasons, not one of which can be held to include the objection that there was a failure of proof, unless indeed, it be the fourth of such grounds or reasons, which is as follows: " (4) Because the finding is for the plaintiff when it should have been for the defendant." The motion for a new trial must specify the reasons upon which it is founded. The fourth ground of the motion for a new trial in this case would seem to be too general for any purpose, but it certainly did not specify the objection that there was a failure of proof. Such objection, then, was not called to the attention of the trial court by the defendant by the motion for a new trial, and cannot be urged by it in this court. Putman v. Railroad, 22 Mo. App. 589; Ballinger v. Carrier, 79 Mo. 318; Auppert v. Weisgerber, 25 Mo. App. 95; Fox v. Young, 22 Mo. App. 386. The respondent now invokes the rule so often announced by this court that

these broad and indefinite assignments of error do not save anything for consideration upon appeal.

*C. W. Bates* and *Wm. F. Woerner* for appellant on motion for rehearing.

(1) No demand before suit was shown or made. This is a mandamus suit instituted for the benefit of a private person to recover salary alleged to be due him. No public right is involved and no public duty is alleged to have been neglected by the defendants. While for the purpose of mandamusing a public officer to perform a duty due the public no prior demand upon him may be required, yet all the authorities agree that where the suit is in behalf of a private person for his own benefit he must first give the opportunity that his demands be complied with by presenting the same to the party alleged to be in default, before he proceeds to file his suit. U. S. v. Boutwell, 17 Wall. 607; High Extr. Rem. (3 Ed.), sec. 41, and cases cited; State ex rel. v. Associated Press, 159 Mo. 410. The relator, however, claims that the point was not made in the motion for a new trial, and therefore could not be considered by this court. We take it that in this respect he is mistaken. The motion for a new trial is set forth in full in the appellants' abstract of the record. Amongst the grounds urged for a new trial appear the following: (a) That said verdict, finding and judgment are against the evidence. (b) That said verdict, finding and judgment are for the wrong party. (c) That said verdict, finding and judgment should have been in favor of the respondents and against the plaintiff. (d) That the court erred in granting a peremptory writ of mandamus against these respondents in said cause. (e) That the granting of said peremptory writ of mandamus is contrary to law. (f) There is no evidence to support the verdict. Any one of the above grounds urged in the motion for a new trial is

sufficient to save the point made that there was no demand. Demand being an essential prerequisite to the relator's case, it should have been alleged and proved. (2) The judgment is for an excessive amount. It was agreed by stipulation, as set forth in the abstract, that the plaintiff was reappointed as patrolman for his second term on October 11, 1893, for a four years' term, which would cause his term to expire on October 11, 1897; also that he was discharged on October 17, 1895; so that if he is entitled to recover at all he could recover only from October 17, 1895, to the end of the term claimed on October 11, 1897, or six days less than two years, which, at $83.33 per month, would make the amount to which he was entitled, if he could recover at all, $1,983.33, whereas the defendants are ordered by the peremptory writ to award him $2,060.95, or, in other words, $77.62 too much. The peremptory writ therefore, according to the stipulation agreed to by the relator, and according to the opinion on its face, awards him too much, as above stated, and the case must for that reason be reversed. Cowan v. Mueller, 176 Mo. 192. But the relator contends that in this respect also the point was not raised in the motion for a new trial, and that therefore the matter cannot be considered by this court. But here again he is mistaken, because we take it that under either of two grounds urged in the motion for a new trial this error was saved, as below stated. The uncontradicted evidence shows that the plaintiff cannot be entitled to the amount which he recovered, and that the judgment is against the evidence. The point therefore is preserved under either of the following grounds for motion for a new trial, set forth in appellants' abstract of the record: (a) Said verdict, finding and judgment are against the evidence. (b) There is no evidence to support the verdict. In fact, in this respect also the relator's counsel practically admits the merits of our contention that the judgmen is excessive and asks that if the court should find

that relator was entitled to less than he got, the court should modify the judgment in this court to that extent. We think that this course, however, cannot be pursued by the court, because the peremptory writ must follow the alternative writ, and that the plaintiff having asked for too much, did so at his peril and cannot recover a less amount, or a different amount, than the one for which the alternative writ calls. State ex rel. v. Railroad, 77 Mo. 147; School District v. Lauderbaugh, 81 Mo. 194; State ex rel. v. Seibert, 130 Mo. 222.    (3) The writ requires a forbidden act. The issuance of the warrant as required by the peremptory writ will require the defendants to proceed in a manner prohibited by the statutes.    (a)   The relator is seeking to compel the police board to do something forbidden by law—and the peremptory writ orders the board to do it.    The writ commands the issuance of a warrant "immediately upon sight of this writ" showing that the city of St. Louis is indebted in the sum named.   Under the ruling of this court (State ex rel. v. Mason, 153 Mo. 23), this compels the city at once to pay the warrant as soon as presented, if in fact it does not in itself operate as an appropriation from the treasury.   Now under the act of 1899 (and that is the only act under which the defendant board is authorized to act at all), the police board is expressly prohibited from drawing a warrant in excess of the amount by it theretofore estimated for that year, and which the city was required to appropriate.   Only one appropriation a year is permitted. Therefore the most that the writ could have commanded was that the board should make it a part of its next "estimate" to be sent in for the appropriation for the following year.   The peremptory writs in these cases require payments instanter, and provide for many of these "appropriations" and therefore require forbidden acts, and are erroneous.   R. S. 1899, secs. 6215, 6220; R. S. 1889, p. 2198, art. 29, secs. 16 and 21.   (b) Neither is it shown that there was in fact any appro-

priation of moneys by the city out of which this sum could be paid, nor that, if there was one, it had not been exhausted. There can be no mandamus without an appropriation, nor after its exhaustion. State ex rel. v. Brown, 141 Mo. 21; State ex rel. v. Holladay, 65 Mo. 76; People v. York, 73 N. Y. Supp. 331, s. c., 66 App. Div. 453. Police salaries and police expenses are to be paid in this respect like other claims. Chart. of St. Louis, art. 16, sec. 16; State ex rel. v. Mason, 153 Mo. 63; People v. York, supra. (c) The defendants were not required to negative the existence of a sufficient appropriation. The existence should have been alleged and proved by relator, for "it was relator's duty to have stated all facts necessary to entitle him to the issuance of the writ." He must negative the existence of all facts which would justify a refusal by the board. State ex rel. v. Police Comr's, 80 Mo. App. 220; Hoxie v. Com's, 25 Me. 333; Huff v. Kimball, 39 Ind. 411; Gorley v. Louisville, 104 Ky. 377; Redding v. Bell, 4 Cal. 333. (d) Again, an appropriation is forbidden to be made "for the payment of any police force other than that organized and employed under this article," and the board is not authorized to issue warrants to audit claims of former boards or preceding years, or unpaid expenses incurred under the old law, all of which the writ required in this case, and relator lost his rights, if any he had, by not proceeding before the new act went into effect. R. S. 1899, sec. 6220; High Extr. Rem., sec. 37.

GANTT, J.—Relator was appointed a patrolman on August 4, 1872, was reduced to the rank of turnkey on July 25, 1893, and was promoted from turnkey to patrolman on October 11, 1893, and was retired on half pay on October 17, 1895. The circuit court awarded a peremptory writ for $2,060.95, and defendants appealed.

This case falls within the rule laid down in State

ex rel. Chapman v. Walbridge, 153 Mo. 194.   When relator was promoted from turnkey to patrolman on October 11, 1893, it constituted a new appointment as patrolman for a term of four years from that date, and under the act he could not be removed except upon charges, notice and hearing, which was not done.   He was entitled to hold for four years from October 11, 1893.   This action was begun on March 21, 1900.   He did not acquiesce in the retirement.   He contributed to the case of State ex rel. Heaven v. Ziegenhein, 154 Mo. 283, to test the constitutionality of the Veteran Policeman's act, but he did nothing that estops him to maintain this action.

The judgment of the circuit court in this case is right, and it is affirmed.

All concur.